FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUN 22 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY JOHNSON      *
                     *
    Petitioner       *
                     *   Civil No. **PJM 08-2623**
v.                   *   Criminal No. **PJM 02-0178**
                     *
UNITED STATES OF AMERICA *
                     *
    Respondent       *
                     *

## MEMORANDUM OPINION

Gregory Johnson, acting *pro se*, has filed a Motion to Vacate His Sentence pursuant to 28 U.S.C. § 2255 [Paper No. 92], alleging that he was denied due process of law. He has also filed a Motion to Supplement the Record citing two additional cases pending before the Supreme Court.[1] Having considered Johnson's Motion to Vacate and the Government's Opposition thereto, the Motion is **DENIED**.

### I.

Following a jury trial, Johnson was convicted of one count of kidnapping, two counts of use of a handgun during a crime of violence and one count of tampering with a victim and witness. He was sentenced to 405 months imprisonment as to the kidnapping count, seven years imprisonment for use of a firearm in the commission of a crime of violence to be served consecutively, 200 months imprisonment for an attempt to kill a witness to be served concurrently, and 25 years for use of a firearm in a crime of violence to be served consecutively, for a total term of imprisonment of 789 months.

---

[1] The Motion to Supplement the Record [Paper No. 15] is **GRANTED**.

Johnson's Presentence Report calculated his base offense level at 27 because the kidnapping occurred in connection with a sexual assault, a fact not found by the jury. The Report therefore recommended an enhancement of 14 points, in part because the kidnapping involved sexual abuse and the victim sustained permanent or life-threatening injury from multiple gun shot wounds, facts also not found by the jury. The Court adopted the factual findings contained in the Presentence Report.

On appeal, the Government admitted that Johnson's sentence exceeded that which would have been available absent a finding of the criminal sexual abuse. Accordingly, the Court of Appeals for the Fourth Circuit affirmed in part and vacated in part, holding that it was unconstitutional for Johnson's sentence to be enhanced based on the alleged sexual assault, a fact not found by the jury. On remand, this Court referred to and reapplied the guideline calculations in the original Presentence Report, except for the enhancement based on the sexual abuse. The Court then proceeded to impose the same sentence. Johnson again appealed, arguing that it was unconstitutional to sentence him for a violation of 18 U.S.C. §924(c)(1)(C), which had not been charged in the Indictment. In an unpublished *per curiam* opinion, the Fourth Circuit affirmed this Court's resentencing, holding that since the sexual assault was not included in recalculating the appropriate sentencing guidelines, the sentence was proper. *United States v. Johnson*, 2007 WL 641410 (4th Cir. 2007). Johnson's petition for certiorari to the Supreme Court was thereafter denied.

The Motion to Vacate under 28 U.S.C. §2255, alleges that a denial of due process of law on two grounds: (1) that Johnson's sentence was enhanced beyond the prescribed maximum statutory guidelines based on information not specifically found by the jury;

and (2) that he was convicted under 18 U.S.C. §924(c)(1)(C), when he had only been explicitly charged with violation of 18 U.S.C. §924(c).

## II.

The Court considers the argument that Johnson's sentence was enhanced based on aggravating circumstances for which he was neither indicted nor the jury explicitly decided.

This claim is procedurally barred because it was not raised on direct appeal. When a claim could have been raised on a direct appeal and has not been, it may only be raised collaterally in a federal habeas proceeding if the defendant can show both cause for the failure and actual prejudice. *See e.g., Smith v. Murray*, 477 U.S. 527, 533(1986) (citing *Wainwright v. Sykes,* 433 U.S. 72, 84 (1977)); *U.S. v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (requiring movant to "show cause and actual prejudice resulting from the errors").

In order to establish cause, a petitioner must show that there was some objective, external factor preventing him from raising the claim. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Johnson alleges that he received ineffective assistance of counsel at trial, evidenced by his attorney's failure to object to the guidelines at his original sentencing. In this regard, he must show that counsel's performance was both deficient and prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He has, however, offered no evidence that counsel's performance fell below an "objective standard of reasonableness," as required to establish deficiency. *Id.* He has not shown a reasonable probability that, but for counsel's failure to object, the proceedings would have been markedly different. *See id* at 689, 694. Therefore, counsel's failure to object

does not constitute cause, without which Johnson's first claim is barred from collateral review.

Assuming *arguendo* he were able to establish cause, Johnson has not shown that he suffered prejudice resulting from the claimed error. The "burden of demonstrating that an [error] was so prejudicial that it will support a collateral attack…is even greater than the showing required to establish plain error on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). It is not enough for petitioner to show that the error was "undesirable, erroneous, or even universally condemned." *Id.* at 169. He must establish that the error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

While Johnson has shown that the error he complains originally increased his base offense level from 27 to 41, at resentencing the Court did not base the guideline enhancement on the fact of sexual abuse. Sentencing enhancements under 18 U.S.C. § 924(c)(1)(C) reflect convictions, which do not require a determination by the jury in order to be counted. *See United States v. Cristobal*, 293 F.3d 134, 146-47 & n. 20 (4th Cir.2002). The prejudice prong of *Strickland* has also not been sufficiently established.

Finally, even if Johnson were not procedurally barred from raising this claim, it would still be rejected. A petitioner may not, through a habeas petition, relitigate an issue previously rejected on direct appeal. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). In this case, on direct appeal of his conviction, Johnson argued, as he does here, that the Court violated his right to due process because it enhanced his sentence based on aggravating circumstances as to which he had neither been indicted

nor which had been decided by the jury. The Fourth Circuit accepted this argument in holding that Johnson's original sentence was unconstitutional because the Court took a sexual assault into consideration when determining the sentencing guidelines. *See United States v. Johnson*, 400 F.3d 187, 202 (4th Cir. 2005). For that reason, the Fourth Circuit vacated Johnson's sentence in part. *See id.*

However, on subsequent appeal the Fourth Circuit affirmed the reimposed sentence, which was identical to the first, because this Court did not include any circumstances not determined by the jury. *United States v. Johnson*, 2007 WL 641410 *1 (noting that this Court did not "engage in impermissible fact-finding"). Accordingly, Johnson's claim that he was denied due process of law because the Court considered the facts not before the jury in Johnson's original sentence is without merit.

### III.

Johnson also argues that he was denied due process under the law because he was convicted under 18 U.S.C. § 924(c)(1)(C) when he was charged generally with a § 924(c) violation.

On his appeal after resentencing, Johnson raised this very issue, alleging that the "district court violated his Fifth Amendment rights by converting generic § 924(c) convictions into § 924(c)(1)(C) offenses." *Johnson*, 2007 WL 641410 *1. The Fourth Circuit explicitly rejected this argument and affirmed the sentence below, holding that "the sentencing enhancements under § 924(c)(1)(C) for successive § 924(c) convictions fall within the prior convictions exception to the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and thus are not required to be alleged in the indictment or submitted to the jury." *Id.*

5

Johnson admits that he has previously disputed his 18 U.S.C. § 924(c)(1)(C) conviction, but argues that now he is challenging it for unconstitutionality, not statutory interpretation, which was the argument on direct appeal. The grounds for Johnson's challenge are immaterial. Without an intervening change in the substantive law, his claim cannot be relitigated. *See Davis v. United States*, 417 U.S. 333 (1974); *Boeckenhaupt*, 537 F.2d 1182 (4th Cir. 1976).

## IV.

For the foregoing reasons, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Paper No. 92] is **DENIED**.

A separate order will **ISSUE**.

June 21, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE